UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, and the NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,

16 CV _____

**PETITION TO
CONFIRM AN
ARBITRATION AWARD**

Petitioners,

-against-

PORT PARTIES, LTD.,

Respondent.

---

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund,

Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and

Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York

City and Vicinity Carpenters Labor Management Corporation, and the New York City District

Council of Carpenters ("Petitioners" and/or the "Funds"), by and through their attorneys, Virginia

& Ambinder, LLP, as and for their Petition to Confirm an Arbitration Award, respectfully allege

as follows:

## NATURE OF THE ACTION

1.      This is an action under section 502(a)(3) of the Employee Retirement Income

Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor

Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and/or section 9 of

the Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an Arbitrator's Award rendered

pursuant to a collective bargaining agreement between the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Port Parties, Ltd. ("Respondent").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.     Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4.     Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA.  The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.     Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") (together, the ERISA Funds and the Charity Fund shall be referred to as the "Funds") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.      Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Respondent.

7.      Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New York not for profit corporation.

8.      Upon information and belief, Respondent is a corporation incorporated under the laws of the State of New York.  At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  Respondent maintains its principal place of business at 711 12th Avenue, Pier 92, New York, NY 10019.

## THE ARBITRATION AWARD

9.      Respondent entered into a collective bargaining agreement with the Union (the "CBA") for the period of July 1, 2001 through June 30, 2006.  A copy of the CBA is annexed here to as **Exhibit A.**

10.     Respondent subsequently executed an Interim Compliance Agreement to extend the CBA with the Union.  A copy of the Interim Compliance Agreement is annexed hereto as **Exhibit B**.

11.     The CBA requires Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union.  *See* **Exhibit A**, Article XV, Section 1.

12.     The CBA requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure that Respondent is making all required benefit contributions to the Funds.  *See* **Exhibit A**, Article XV, Section 2.

13.     The CBA provides that in the event that "any dispute or disagreement arise between the parties hereto concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder . . . " **Exhibit A**, Article XV, Section 14.

14.     The CBA provides that "[i]n the event that proceedings are instituted before an arbitrator . . . to collect delinquent contributions to Benefit Fund or Funds, and if such arbitrator renders an award in favor of such Fund(s), the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under the Agreement and Declaration of Trust establishing such Fund." *See* **Exhibit A**, Article XV, Section 13(b).

15.     The CBA provides that:

In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), the Employer shall pay to such Fund(s), and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following:

(1) the unpaid contributions; plus
(2) interest on the unpaid contributions determined at the prime rate of Citibank plus 2%; plus
(3) an amount equal to the greater of --
    (a) the amount of the interest charges on the unpaid contributions as determined in
    above, or
    (b) liquidated damages of 20% of the amount of the unpaid contributions; plus
(4) reasonable attorney's fees and costs of the action; and
(5) such other legal or equitable relief as the court deems appropriate.

**Exhibit A**, Article XV, Section 13(a).

16.     The CBA requires Respondent to be bound by all of the terms and conditions of the Agreements and Declarations of Trust creating the Welfare Fund, Pension Fund, Vacation Fund, Annuity Fund, New York City and Vicinity Labor Management Cooperation Fund, United Brotherhood of Carpenters and Joiners of America Fund, Apprenticeship Journeymen Retraining

Educational and Industry Fund, and Supplemental Funds, as amended, and by all By-Laws adopted to regulate each of said Funds.  *See* **Exhibit A**, Article XVI, Section 10.

17.     The Trustees of the Funds established a Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy").  A copy of the Collection Policy is annexed hereto as **Exhibit C**.

18.     Petitioners conducted an audit of the Respondent's books and records in order to verify that all the required contributions were made to the Funds. The audit revealed a delinquency, including interest thereon, over the period March 17, 2010 through December 31, 2014, of $623,974.26.

19.     A dispute arose during the period of the CBA when Respondent failed to remit the contributions uncovered by the audit.

20.     Pursuant to the CBA's arbitration clause, Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher.  Petitioners noticed said arbitration by having a Notice of Hearing sent by regular and certified mail to Respondent's last known address.  A copy of the Notice of Hearing is annexed hereto as **Exhibit D.**

21.     Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated March 24, 2016, determining said dispute (the "Award").  A copy of the Award is annexed hereto as **Exhibit E**.

22.     The arbitrator found that Respondent violated the CBA when it failed to remit the audit findings, and ordered Respondent to pay the Funds the sum of $673,994.50, consisting of a principal sum of delinquent contributions of $463,041.48, total interest of $62,740.92, liquidated damages of $96,442.52, late payment interest of $1,749.34, non-audit late payment interest of

$13,736.63, assessments to the Promotional Fund of $930.86, court costs of $400.00, attorney's fees of $1,500.00, arbitrator's fee of $500.00, and audit costs of $32,952.75. *See* Exhibit E.

23.     The arbitrator also found that interest of 5.25% will accrue on the aggregate amount of the Award from the date of the issuance of the Award. *See* **Exhibit E**.

24.     As of the date of this Petition, Respondent has failed to pay any portion of the Award.

25.     The Award has not been vacated or modified and no application for such relief is currently pending.

26.     Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to both Article XV, Section 13 of the CBA and Section 502(g) of ERISA, 29 U.S.C. § 1132(g). *See* **Exhibit A**, Article XV, Section 13(a).

27.     The Collection Policy further states that "[a]ttorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spend by Collection Counsel in collection efforts . . . ." **Exhibit C**, Section V(6).

28.     Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit F**.

29.     I, Todd Dickerson ("TD" in the accompanying billing records), am a 2013 graduate of the University of Illinois College of Law.  In November 2015, I joined V&A as an associate. In late May of 2016, I was promoted to the position of "Of Counsel."  I have regularly served as lead counsel for multiemployer employee benefit plans in ERISA litigation since joining V&A. Before joining V&A, I regularly served as lead counsel in labor and employment lawsuits in both state and federal court.  V&A billed my time at a rate of $225 per hour during my time as an

associate.  During my time as "Of Counsel," V&A billed my time at a rate of $300 per hour.  *See* **Exhibit F**.

30.     Charles R. Virginia ("CRV" in the accompanying billing records) is a 1989 graduate of Fordham University School of Law.  He has been a member of V&A since the firm's inception in 1994.  Prior to forming V&A, he was an associate with the firm Cadwalader, Wickersham & Taft from 1989 through 1994.  He has over twenty years of experience regarding employee benefit funds in ERISA matters and currently represents employee benefit funds in numerous actions pending in the United States District Court for the Southern and Eastern Districts of New York.  V&A billed his time at a rate of $300 per hour for work performed in connection with this matter.  *See* **Exhibit F**.

31.     Nicole Marimon ("NM" in the accompanying billing records) is a 2014 graduate of Fordham University School of Law, and an associate at V&A.  Since graduating law school and being admitted to the New York State bar, Ms. Marimon has handled the prosecution of several ERISA collections actions.  V&A billed Ms. Marimon's time at a rate of $225 per hour for work performed in connection with this action.  *See* **Exhibit F**.

32.     Thomas Horgan ("TH" in the accompanying billing records) is a 2015 graduate of Creighton University School of Law and a Law Clerk at V&A.  Mr. Horgan's primary practice area is representation of multiemployer employee benefit plans in ERISA litigation.  V&A billed Mr. Horgan's time at a rate of $225 per hour for work performed in connection with this matter. *See* **Exhibit F**.

33.     V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action.  *See* **Exhibit F.**

34.     All of the above-referenced rates are the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys and legal assistants for their services.

35.     V&A's total billings in this matter amount to $2,457.50 reflecting 10 hours of work. *See* **Exhibit F**.

36.     In addition, V&A will advance $70 in service fees in connection with this matter. V&A will also advance $400 in court filing fees upon the filing of the instant petition.

**WHEREFORE,** Petitioners respectfully request that this Court:

(1)     Confirm the Award in all respects;

(2)     Award judgment in favor of the Petitioners and against Respondent in the amount of $673,994.50 pursuant to the Award plus interest from the date of the Award through the date of judgment with interest to accrue at the annual rate of 5.25% from the date of the Award;

(3)     Award judgment in favor of the Petitioners and against Respondent in the amount of $2,457.50 in attorneys' fees and $470.00 costs arising out of this petition;

(4)     Award post-judgment interest at the statutory rate; and

(5)     Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York          Respectfully submitted,
       June 21, 2016

                           **VIRGINIA & AMBINDER, LLP**

                     By:     _____/s/_____
                            Todd Dickerson, Esq.
                            40 Broad Street, 7th Floor
                            New York, New York 10004
                            Telephone: (212) 943-9080
                            Fax: (212) 943-9082
                            *Attorneys for Petitioners*