```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
TRUSTEES OF THE NEW YORK CITY                         :
DISTRICT COUNCIL OF CARPENTERS                        :
PENSION FUND, WELFARE FUND,                           :
ANNUITY FUND, AND APPRENTICESHIP,                     :
JOURNEYMAN RETRAINING,                                :
EDUCATIONAL AND INDUSTRY FUND,                        :
TRUSTEES OF THE NEW YORK CITY                         :
CARPENTERS RELIEF AND CHARITY FUND,:
THE NEW YORK CITY AND VICINITY                        :
CARPENTERS LABOR-MANAGEMENT                           :
CORPORATION, and the NEW YORK CITY                    :
DISTRICT COUNCIL OF CARPENTERS,                       :
                                                      :
                              Petitioners,            :
                                                      :
              v.                                      :
                                                      :
PORT PARTIES, LTD.,                                   :
                                                      :
                              Respondent.             :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 5, 2018

16 Civ. 4719 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

  This Opinion addresses the request for attorney's fees and costs filed by Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (collectively, the "ERISA Funds"), Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"), The New York City and Vicinity Carpenters Labor-Management Corporation (together with the ERISA Funds and the Charity Fund, the "Funds"), and the New York City District Council of Carpenters (the "Union," and together with the Funds, "Petitioners"). Petitioners commenced this action

on June 21, 2016, petitioning the Court pursuant to Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an arbitration award (the "Award") issued against Respondent Port Parties, Ltd. ("Port Parties"). (Dkt. #1). The Court previously granted Petitioners' motion for summary judgment to confirm the Award, denied Port Parties's motion to vacate the same, and stated that it would award Petitioners their reasonable attorney's fees and costs. (Dkt. #44).

Before the Court is Petitioners' unopposed motion to recover attorney's fees and costs. Petitioners seek a total of $24,922.50 in attorney's fees and $128.72 in costs. For the reasons set forth in this Opinion, Petitioners' motion is granted in full.

## BACKGROUND

### A. Factual Background

The Court has previously engaged in an exhaustive recitation of the facts in this matter. *See Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Port Parties, Ltd.*, No. 16 Civ. 4719 (KPF), 2017 WL 3267743, at *2-8 (S.D.N.Y. July 31, 2017). The following sections therefore discuss the underlying facts only to the extent necessary to provide relevant context and to resolve the instant motion.

#### 1. The Collective Bargaining Agreement

In 2010, the Union and Port Parties executed a collective bargaining agreement (the "CBA" (Dkt. #24-1)), requiring Port Parties to make periodic contribution to the Funds. The CBA obligated Port Parties to make

2

contributions "for each hour worked of all employees covered by [the CBA] and employed by [Port Parties] within the territory" covered by the CBA. (CBA 23). To ensure that Port Parties complied with this obligation, the CBA required Port Parties to furnish its "books and payroll records ... for an audit" "upon demand of the" Funds. (*Id.* at 23-24).

The CBA contained a broad arbitration clause under which Port Parties and the Union were obligated to "first attempt to settle and adjust" any "complaints, disputes[, or] differences" arising under the CBA, except for "the merits of [a] jurisdictional dispute, i.e., a dispute with another trade over the assignment of work[.]" (CBA 20). "Any grievance not resolved" was to "be submitted to arbitration before" one of four arbitrators: Roger Maher, Robert Silagi, Joseph W. Lipowski, or Robert Herzog. (*Id.*). It was the parties' intent "that all disputes between them, both within and outside of the [CBA], [would] be submitted to arbitration[.]" (*Id.* at 21). The CBA also provided that, if either party to the CBA successfully persuaded a court to confirm an arbitration award, that party would be "entitled to receive all court costs in [that] proceeding as well as reasonable attorney's fees." (*Id.* at 21).

### 2. The Audit and the Funds' Arbitration Demand

Pursuant to the CBA, the Funds conducted an audit of Port Parties's books and payroll record and reviewed Port Parties's contributions to the Funds for the time period between March 17, 2010, and December 31, 2014. *Port Parties*, 2017 WL 3267743, at *3. That audit revealed that Port Parties had failed to remit contributions to the Funds in the amount of $463,041.48. *Id.*

3

The Funds concluded that Port Parties owed them $647,387.03, including interest and liquidated damages. *Id.*

The Funds commenced an arbitration proceeding against Port Parties by sending a Notice of Intention to Arbitrate to Arbitrator Maher and Port Parties on January 28, 2016. *Port Parties*, 2017 WL 3267743, at *4. The Notice stated that the "controversy" to be arbitrated concerned "[d]elinquent fringe benefit contributions due to the Funds for the period: 03/17/2010 [to] 12/31/2014 in the amount of $650,395.23." *Id.* (internal quotation marks and citation omitted). On January 31, 2016, Arbitrator Maher issued a Notice of Hearing scheduling the arbitration for March 23, 2016. *Id.*

### 3. The Arbitral Award

On the morning of March 23, 2016, Petitioners' counsel attended the arbitral hearing. *Port Parties*, 2017 WL 3267743, at *7. No representative for Port Parties appeared. *Id.* The following day — March 24, 2016 — Arbitrator Maher entered an Award in the Funds' favor. Arbitrator Maher wrote that Petitioners had "submitted proof that [Port Parties] had legally sufficient notice of th[e] proceeding and the claims against [it]." *Id.* at *7 (internal quotation marks and citation omitted). He found Port Parties to be in default because it had failed to appear to the Arbitration Hearing and had not requested an adjournment. *Id.* After "reviewing Petitioners' substantial and credible evidence, including the testimony of the auditor employed by Petitioners, Arbitrator Maher concluded that Port Parties had violated the CBA." *Id.* (internal quotation marks, citation, and alterations omitted). He ordered Port

4

Parties to pay the Funds $673,994.50, which included delinquent contributions, interest, damages, costs, and fees, plus 5.25% interest from the date of the Award. *Id.*

### 4. **The Summary Judgment Award**

Petitioners filed a petition to confirm the Award on June 21, 2016. (Dkt. #1). Pursuant to a June 23, 2016 Order (Dkt. #7), Petitioners filed a motion for summary judgment and supporting papers to confirm the Award on October 7, 2016 (Dkt. #21-26). They argued, *inter alia*, that summary judgment was warranted (i) in light of the limited scope that courts have in reviewing arbitration awards, and (ii) because Arbitrator Maher acted within the scope of his authority in issuing the Award. (Dkt. #23 at 3-5). They further claimed that the Funds were entitled to reasonable attorney's fees and costs because Port Parties failed without justification to abide by the Award. (*Id.* at 5).

Port Parties cross-moved to vacate the Award on October 28, 2016. (Dkt. #27-34). It advanced three primary arguments: (i) it did not receive timely notice of the hearing and was deprived of the opportunity to participate in the arbitration; (ii) the Award was fraudulently obtained because Petitioners did not advise Arbitrator Maher that Petitioners had previously consented to adjourn the arbitration hearing; and (iii) Arbitrator Maher exceeded his jurisdiction in issuing the Award because the work that Port Parties had performed was outside the scope of the CBA's arbitration provision. (*See generally* Dkt. #30).

5

In an Opinion and Order dated July 31, 2017, the Court rejected Port Parties's arguments and granted Petitioners' motion for summary judgment. *Port Parties*, 2017 WL 3267743, at *8-17. The Court held that "Petitioners never agreed to adjourn the Arbitration Hearing," "Port Parties never requested an adjournment of it," and "Port Parties's other attacks on the Default Award are unavailing [and] fall[] short of the high bar the LMRA imposes on a party seeking to vacate a labor arbitration award." *Id.* at *1. The Court noted that it would "award Petitioners their *reasonable* fees and costs." *Id.* at *16.

### 5. Petitioners' Attorney's Fees and Costs

Petitioners' counsel, Virginia & Ambinder, LLP ("V&A"), billed a total of 99.7 hours while litigating this matter. To support their request for attorney's fees and costs, Petitioners submitted invoices documenting the specific tasks performed, hours worked, attorneys' and legal assistants' hourly rates, and costs incurred. (Dkt. #46-1).

The hours worked, broken down by individual, are as follows:

- Todd Dickerson, Of Counsel at V&A, billed 55.9 hours at a rate of $300 per hour;

- Charles R. Virginia, Partner at V&A, billed 1.8 hours at a rate of $300 per hour;

- Nicole Marimon, Associate at V&A, billed 9.0 hours at $225 per hour;

- Jesse Isleman, a former Law Clerk at V&A, billed 18.3 hours at $225 per hour; and

- Eva Codispoti, Liz Fisher, Ryan Fleites, and Maura Moosnick — legal Assistants at V&A — billed 14.7

6

hours at $100 per hour.

(Dkt. #46 ("Dickerson Decl.") ¶¶ 5-10). V&A also incurred $128.72 in costs, including an $80.00 service charge, $47.05 in postage, and $1.72 in docket research fees. (*Id.* at ¶ 11, Ex. 1).

## B. Procedural Background

On July 31, 2017, the Court issued an Opinion and Order granting Petitioners' motion for summary judgment, at the conclusion of which the Court issued a briefing schedule concerning Petitioners' request for attorney's fees and costs. *Port Parties*, 2017 WL 3267743, at *17. In accordance with that schedule, Petitioners submitted their opening brief and supporting papers on August 16, 2017. (Dkt. #45-47). To date, Port Parties has not filed an opposition brief.

## DISCUSSION

The Court previously decided that it would "award Petitioners their *reasonable* fees and costs." *Port Parties*, 2017 WL 3267743, at *16. The only remaining question for the Court is whether the fees and costs that Petitioners now seek — $24,922.50 and $128.72, respectively — are reasonable.

## A. Applicable Law

A district court has discretion in determining the amount of attorney's fees that would be appropriate to satisfy a fee award. *See Hensley* v. *Eckerhart,* 461 U.S. 424, 437 (1983); *see also* Fed. R. Civ. P. 54(d). In particular, a court has discretion to award attorney's fees based on a "lodestar" method or a

percentage-of-recovery method. *See McDaniel* v. *Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Under the lodestar method, a court must calculate the "presumptively reasonable fee," often (if imprecisely) referred to as the "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *Cty. of Albany and Albany Cty. Bd. of Elections* (*"Arbor Hill"*), 522 F.3d 182, 183, 189-90 (2d Cir. 2008); *see also Stanczyk* v. *City of N.Y.*, 752 F.3d 273, 284 (2d Cir. 2014). The court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill*, 522 F.3d at 189. The reasonable hourly rate is "the rate a paying client would be willing to pay," bearing in mind that the "paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. Once a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable. The court "should exclude excessive, redundant[,] or otherwise unnecessary hours[.]" *Quaratino* v. *Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

**B. Petitioners' Attorney's Fees and Costs Are Reasonable**

The total number of hours that V&A spent litigating this matter — 99.7 hours — is reasonable. In prosecuting this case, V&A was required to draft numerous motions and supporting papers: In addition to Petitioners' own motion for summary judgment and supporting papers, V&A was compelled to file an opposition to Port Parties's cross-motion to vacate the Award. None of V&A's papers was frivolous or otherwise unreasonable. This matter also involved a complex — and a highly contested — set of facts, as well as a wide

8

array of claims levied by opposing counsel. V&A was therefore required to engage in substantial factual investigation and legal research. Given the number of papers filed in this matter, the variety of arguments advanced, and the complexity of the factual record, the Court finds that V&A's billable hours (99.7 hours) are reasonable.

So too V&A's hourly rates. V&A's Partners and Of Counsel attorneys billed at a rate of $300 per hour; Associates and Law Clerks, at a rate of $225 per hour; and Legal Assistants, at a rate of $100 per hour. This Court recently held these very rates, sought by this law firm in a similar case, to be reasonable. *See, e.g.*, *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Group Inc.*, No. 17 Civ. 4667 (KPF), 2017 WL 5157246, at *5 (S.D.N.Y. Nov. 7, 2017). Numerous sister Courts in this Circuit have also found these rates to be reasonable. *See, e.g.*, *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. High Performance Floors Inc.*, No. 15 Civ. 0781 (LGS), 2016 WL 3194370, at *6 (S.D.N.Y. June 6, 2016) (approving hourly rates of $300 and $225 for V&A's attorneys and $100 for its Legal Assistants); *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Pisgah Builders, Inc.*, No. 15 Civ. 2547 (ADS) (SIL), 2016 WL 8711353, at *5 (E.D.N.Y. June 23, 2016) (approving rates of $225-$300 for associates and counsel, and $100 for legal assistants); *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. NYC Const. Serv. Inc.*, No. 15 Civ. 3813 (GHW), 2016 WL 894551, at *3 (S.D.N.Y. Mar. 8, 2016) (approving rates of $225 for associates).

Petitioners' legal costs — $128.72 — are also reasonable. Those costs include an $80.00 service fee; $47.05 in postage, including costs incurred to mail courtesy copies of the moving papers to the Court; and $1.67 in docket research fees. (Dickerson Decl., Ex. 1). Port Parties has not provided any reason to question these costs, nor can the Court identify any such reason.

The fact that this litigation made Petitioners whole reinforces the Court's finding that V&A's fees and costs were reasonable. Petitioners claimed that they were due $647,387.03. *Port Parties*, 2017 WL 3267743, at *3. On March 24, 2016, they were awarded $673,994.50, which covered all delinquent Fund contributions, interest, damages, costs, and fees, plus 5.25% interest from the date of the Award. *Id.* at *7. There can be little doubt — in light of V&A's skillful prosecution of Petitioners' claims and the favorable outcome secured in this matter — that a paying client would have been willing to pay V&A's fees in full.

## CONCLUSION

For these reasons, Petitioners' motion for attorney's fees in the amount of $24,922.50 and costs in the amount of $128.72 is GRANTED. Judgment will be entered in the amount of $765,258.76, comprising the arbitral award of $673,994.50; $66,213.04 in post-award interest at the rate of 5.25%; $24,922.50 in attorney's fees; and $128.72 in costs. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: February 5, 2018
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge